## N. M. LONG *v.* B. F. FINGER.

A and B entered into a parol contract for the sale and purchase of a town lot, B agreeing to pay two hundred and fifty dollars for the same within two years; B took possession and put improvements thereon to the value of one hundred and fifty dollars. When the purchase money became due, A tendered a deed and demanded payment; B was insolvent and failed to pay. In a suit to recover the possession, A claimed the lot without any allowance to B for his improvements; B demanded pay for the same: *Held*, that the court below did not err in giving the possession of the said lot to A, without any payment to B for his improvements: *Held further*, that B might have sold his interest in the lot and retained the sum the same sold for, all in excess of the just demands of A.

(*Albea* v. *Griffin*, 2 Dev. & Bat Eq. 9, cited and distinguished from this.)

This was a CIVIL ACTION, in the nature of Ejectment, tried at June Term, 1875, of HALIFAX Superior Court, before his Honor Judge *Watts.*

The following are the facts agreed and signed by counsel:

In the month of November, 1870, the plaintiff and defendant entered into a *p rol* contract for the purchase of a lot in the town of Weldon, for the sum of two hundred and fifty dollars, to be paid in two years; the title to be conveyed to the defendant when the purchase money was paid.

By virtue of this contract, the defendant entered into possession and erected improvements on said lot; which are admitted to be worth one hundred and fifty dollars.

After the purchase money became due, the plaintiff loaned the defendant one hundred dollars, upon the parol understanding that if the defendant failed to pay the sum so loaned within sixty days, the defendant would surrender the lot with the improvements thereon, and that the contract of sale should be cancelled. After the purchase money and the money loaned became due, both were demanded by the plaintiff, he, at the same time, tendering a deed to the defendant for the

lot; the defendant did not comply with either demand, alleging his inability to do so. The insolvency of the defendant, at the date of the denial, and now, is admitted.

The action was commenced on the 9th day of April, 1873. The amended replication, which first sets up the one hundred dollars loaned, was filed at June (Extra) Term, 1875.

The plaintiff claims:

1. The possession of the premises, without any allowance to the defendant for his improvements.

2. That if any allowance be made the defendant for his im‹ provements, that he, the present plaintiff, is entitled to an offset of one hundred dollars, amount loaned the defendant, with interest, and for the amount of the annual rental value of the premises, which is admitted to be twenty dollars *per annum*.

The defendant claims:

1. That he be allowed the value of his improvements, after deducting the annual rental value of the premises.

2. That no abatement of this sum shall be made on account of the one hundred dollars, because it is a distinct transaction, wholly disconnected with the original purchase, and that it is not within the jurisdiction of the Superior Court, being under the sum of two hundred dollars.

3. That the promise made by the defendant in respect to pledging the improvements for the one hundred dollars loaned, concerned the realty, and is void under the statute of frauds.

Upon this statement of facts, his Honor decided that the plaintiff was entitled to the possession of the premises; and that the defendant was entitled to no allowance for the value of his improvements.

Judgment in accordance with his Honor's decision, and appeal by defendant.

*Busbee & Busbee,* for appellant.
*Day* and *Batchelor & Son,* contra.

Rodman, J.   The plaintiff has the legal title to the land in controversy, and is therefore admittedly entitled to recover unless the defendant has some equity to restrain him.   The defendant alleges that the plaintiff by parol agreed to convey the lot to him on the payment of $150 ; that he thereupon entered into possession and put up improvements to the value of $150 ; he admits that he has never paid the plaintiff the purchase money and is unable to do so.   He contends that he ought to be allowed the value of his improvements, or at least that the premises be sold and any excess they may bring over the purchase money, and damages for withholding the possession, and the costs of this action, may be paid to him.

It may be observed that although the contract was originally by parol and could not be enforced, yet as the plaintiff in his replication acknowledges the contract and offers to perform his part of it on performance by the defendant, the defendant does not need any decree of a court to give him that relief. It is competent for him to sell his estate in the premises, and if he can obtain for them a price in excess of the just demands of the plaintiff, the excess will be his, unless the plaintiff will have in that event a right to tack on his subsequent loan of $100.   As no case is before us calling for any opinion as to the plaintiff's right in that respect, we express none.

If the defendant cannot sell his estate in the premises subject to the plaintiff's claim, for anything, the inference is clear that although his improvements have cost him something, they have added nothing to the value of the lot.

Beyond the remedy indicated, the defendant has no equity or title to relief.   He relied in the argument on the case of *Albea* v. *Griffin*, 2 Dev. & Bat. Eq., 9, and others, to the effect that if a vendee by parol paid part of the purchase money, or entered and made improvements, although he could not enforce a specific performance on the ground of part performance, yet the vendor would not be allowed to turn him out without repaying what of the purchase money had been paid

and making compensation for the improvements. Obviously the present case does not stand on the same footing. Here the vendor does not set up the statute of frauds, but waives it, and is both willing and able to comply. The defendant alone is in default.

There is no error, and the plaintiff is entitled to judgment for the possession of the premises on the pleadings. The pleadings are so irregular, that we are somewhat at a loss what judgment ought to be given here. The replication is a departure from the cause of action alleged in the complaint; it contains irrelevant matter and offers no material issue. The rule, however, is that no matter at what stage of the pleadings a demurrer is put in, the court will look at all the pleadings and give judgment in favor of the party entitled. The Judge was right, therefore, in giving judgment for the plaintiff for possession. He might, however, on the request of the plaintiff, have caused a jury to be impannelled to assess his damages. This he did not do, and it does not appear that the plaintiff requested it. In the absence of such a request, we do not feel called on to remand the case in order that damages may be assessed. We therefore merely affirm the judgment below, with costs in this court.

Let this opinion be certified.

PER CURIAM. Judgment affirmed, with costs to the plaintiff in this court.